**APP**
Howard C. Kim, Esq.
Nevada Bar No. 10386
E-mail: howard@hkimlaw.com
HOWARD C. KIM & ASSOCIATES
400 N. Stephanie Suite 160
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorneys for* David A. Rosenberg, Trustee

E-filed on: September 7, 2010

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. BK-S-10-20779-bam<br>Chapter 7 |
| GREGORY, STEVEN T. | |
| Debtor. | Date of Hearing:   10/13/2010<br>Time of Hearing:   11:00 A.M. |
| | Judge: Hon. Bruce A. Markell |

**FINAL APPLICATION FOR ALLOWANCE OF ATTORNEYS' FEES AND**

**REIMBURSEMENT OF EXPENSES OF HOWARD KIM AND ASSOCIATES, LLC AS**

**CHAPTER 7 ADMINISTRATIVE EXPENSE AND REQUEST FOR PAYMENT**

| | |
|---|---|
| Name of Applicant: | Howard Kim and Associates LLC |
| Authorized to Provide Professional Services to: | David A. Rosenberg, Chapter 7 Trustee |
| Date of Retention: | July 01, 2010 |
| Period for which Compensation and Reimbursement is Sought: | July 01, 2010 through September 7, 2010 |
| Amount of Compensation Requested: | $5,625.00 |
| Amount of Expense Reimbursement Requested: | $23.56 |
| Total: | $5,648.56 |

This is an: ___ interim _X_ final application.

This is the final fee application filed by Howard Kim and Associates LLC in this case.

**BILLING SUMMARY**

**PRIOR APPLICATIONS:**

| | |
|---|---|
| Fees Previously Requested (First Interim Application) | None |
| Expenses Previously Requested (First Interim Application) | None |
| Retainer Paid: | $0.00 |
| Drawn on Retainer: | $0.00 |
| Remaining Retainer: | $0.00 |
| Current Application Fees Requested: | $5,625.00 |
| Current Application Expenses Requested: | $23.56 |

| ACTIVITY | HOURS | FEES |
|---|---|---|
| B110 – Case Administration | 1.0 | $300.00 |
| B120 – Asset Analysis/Recovery | 15.95 | $4,785.00 |
| B160 – Employment/Fee Applications | 1.8 | $540.00 |
| **TOTAL** | | **$5,625.00** |

///

- 2 -

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

Howard Kim and Associates LLC (the "Applicant"), counsel for David A. Rosenberg, Chapter 7 Trustee ("Trustee"), submits its Final Application for Allowance of Attorney's Fees and Reimbursement of Expenses of Howard Kim and Associates LLC as Chapter 7 Administrative Expense and Request for Payment ("Final Application) for the period from July 1, 2010 through and including August 31, 2010 (the "Final Period").

Applicant brings this Final Application pursuant to 11 U.S.C. §§ 330, 331 and 503, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Guidelines for Compensation and Reimbursement of Professionals in Region 17 as promulgated by the Offices of the United States Trustee, and the <u>Guidelines for Reviewing Applications for Compensation and Reimbursement on Expenses Filed Under 11 U.S.C. § 330 effective January 30, 1996</u> (collectively, the "Guidelines").

In support of this Application, Applicant represents as follows:

## I. INTRODUCTION

**A. Bankruptcy Filing.**

1. On June 10, 2010 (the "Petition Date"), Steven T. Gregory (the "Debtor") filed his original Petition for Relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") [Dkt. No. 1].

2. In the 341 Creditor's Meeting, Trustee learned that Debtor, before filing bankruptcy, transferred the property of estate to his ex-wife via post-nuptial property division agreement just before he divorced her. In the agreement, Debtor transferred 99% of his share of the community property to his ex-wife, which included approximately $40,000.00 in an escrow account.[1]

3. Trustee has also learned that a creditor, the Gilbert Family Trust, initiated an action against Debtor in the Eight District Court, Clark County, Nevada, alleging, among other things, fraudulent transfer in regards to the escrow account funds. Case No. A-09-591803-C.

---

[1] Prior to the petition date, and after the property settlement agreement, Debtor and his ex-wife sold a real property and the net proceeds of the sale were deposited in the escrow account.

- 3 -

4. In the State action, Honorable Timothy Williams found that the property division agreement was invalid.

**B. Jurisdiction.**

This Court has jurisdiction over this Final Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of the Debtor's Chapter 7 case and this Application is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought are 11 U.S.C. §§ 330, 331 and 503.

**II. APPLICANT'S RETENTION AND BILLING HISTORY.**

5. On August 9, 2010, this court approved Trustee's employment of Applicant as his special purpose counsel in this bankruptcy case, pursuant to 11 U.S.C. §1103. The terms and conditions of the employment order provided that the Trustee was authorized to employ Applicant as special purpose counsel for the Trustee. Mainly, Trustee retained Applicant to recover the estate's share of the community property, which was fraudulently transferred to Debtor's ex-wife. The order provides for compensation at the expense of the estate in such amount as the Court may allow, with all compensation subject to approval by the Bankruptcy Court. No prior applications or orders have been filed by or on behalf of Applicant.

**III. SUMMARY OF PROFESSIONAL SERVICES PERFORMED**

This Section sets forth a narrative summary of certain activities and services performed during the Final Period, and it is not meant to be a detailed description of all of the work performed. Detailed descriptions of the day-to-day activities and services provided by Applicant and the time expended in each project billing category is fully set forth in **Exhibit A** to this Final Application. Applicant expended a total of 18.75 hours in providing services on behalf of the Trustee in the Debtor's Chapter 7 case.

6. During the course of its representation of the Trustee, Applicant has performed the following variety of services, bringing in approximately $17,500.00 to the estate:

(1) Applicant has conducted numerous conferences with the Gilbert Family Trust's counsel, and other parties-in-interest in coordinating efforts pertaining to the

1  recovery the estate's share of Debtor's community property.

2  (2) Applicant reviewed and filed numerous pleadings in the State Court action,

3  attended the State Court hearings, and prepared to file adversary proceedings, and

4  performed various other tasks as further outlined herein in the task analysis.

### IV. STATEMENT OF STATUTORY AUTHORITY FOR RELIEF SOUGHT

7. 11 U.S.C. §330(a) states:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

8. 11 U.S.C. §503 states, in relevant part:

> (a) An entity may timely file a request for payment of an administrative expense,...
> (b) After notice and a hearing, there shall be allowed administrative expenses,… including—

9. 11 U.S.C. §331 authorizes the application for and payment of compensation or reimbursement as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 5 -

## V. STATEMENT RE: NOTICE

10. Pursuant to "Guidelines" Sections 1.1 and 2.2, the within Application and Notice of Hearing thereon have been served on the United States Trustee.

11. Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(c)(2), notice of hearing on this Application, identifying the Kim Firm and amounts requested, has been served on all identified creditors and parties in interest not less than 28 days prior to the date set for hearing on the within Application.

## VI. AMOUNT OF COMPENSATION SOUGHT TO BE ALLOWED

The amount requested within Application are Applicant's fees for professional services rendered in the amount of $5,625.00 and Applicant's cost expended in the amount of $23.56 for a total application of $5648.56.

## VII. SERVICES RENDERED, HOURLY RATES, AND EXPENSES INCURRED

12. Services rendered by Applicant are set forth in detail in Exhibit A attached hererto. Said Exhibit includes a detailed list of all time for which compensation is sought, date of service, and description of time spent and tasked performed.

13. Applicant's expenses incurred are set forth in detail in Exhibit A.

14. Trustee has reviewed Exhibit A and has no objection to the services rendered, fees charged, or costs incurred.

15. Applicant has charged customary rates for fees which are allowed by attorneys in this area pursuant to 11 U.S.C. §330. The hourly rates charged in this case by each person whose services form a basis for the compensation requested in the within application are as follows:

| ATTORNEY | HOURLY RATE | HOURS | TOTAL FEE |
|---|---|---|---|
| HOWARD C. KIM | $300 | 17.50 | $5,250.00 |
| JACK W. FLEEMAN | $300 | 1.25 | $ 375.00 |

16. Applicant is not on a contingency basis and, as in all bankruptcy proceedings, the fees charged are subject to the discretion of the Court.

HOWARD KIM & ASSOCIATES
400 N. STEPHANIE ST, SUITE 160
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

17.     TASK ANALYSIS:

B110 – <u>Case Administration</u>: 1hours ($300.00).

The entries in this category relate to the work performed on communicating with Trustee regarding Debtor's case and strategy to recover the property of estate in the debtor's state court action.

B120 – <u>Asset Analysis/Recovery</u>: 15.95 hours ($4,785.00). The entries in this category relate to the work performed on preparing adversary action against the Gilbert Family Trust, attending state court hearings, reviewing and commenting on numerous state court pleadings, negotiating a settlement with the Gilbert Family Trust, drafting stipulation and order in the state court carving out the estate's share of the debtor's community property

B160 – <u>Employment/Fee Application</u>: 1.8 hours ($540.00). The entries in this category relate to the work performed on preparation of fee application and attendance at hearing, and preparation of order.

### VIII.    STATEMENT RE: EXPERTISE REQUIRED

Applicant is skilled in insolvency proceedings and has special knowledge which enables Applicant to perform services of benefit to the Trustee, to the creditors of the bankruptcy estate.

### IX.    STATEMENT RE: TERMS AND CONDITIONS FO EMPLOYMENT

18.    The scope of Applicant's employment approved by the court in this bankruptcy case is as follows:

(a)    To assist the Trustee with investigation and recovery of the property of the bankruptcy estate, including but not limited to Debtor's funds in escrow account in a matter pending before the Clark County District Court, Dept. XVI, Case No. A-09-591803-C;

(b)    To file appropriate adversary proceedings as may be required;

(c)    To assist the Trustee in developing legal positions and strategies with respect to all facets of such adversary proceedings;

(d)    To provide such other counsel and advice as the Trustee may require in connection with the adversary proceedings.

- 7 -

## X.   STATEMENT RE: PAYMENTS MADE OR PROMISED AND LACK OF AGREEMENT TO SHARE COMPENSATION

19. No payments have been made or promised to Applicant for services rendered or to be rendered in connection with this case, other than those payments described in this Application.

20. No agreement or understanding exists between Applicant and any other entities for the sharing of compensation to be received for services rendered in connection with this case.

WHEREFORE, Applicant respectfully requests that the Court enter an order granting this Application, approving and allowing the compensation in the amount of $5,625.00 and reimbursement of actual and necessary expenses in the amount of $23.56 for the period from July 1, 2010 through and including September 7, 2010.

DATED this 7th day of September, 2010.

**HOWARD KIM & ASSOCIATES**

/s/ Howard C. Kim
Howard C. Kim, Esq. (NV Bar No. 10386)
400 N. Stephanie St, Suite 160
Henderson, Nevada 89014

*Attorneys for David A. Rosenberg, Chapter 7 Trustee*

///

- 8 -

# EXHIBIT A

# EXHIBIT A

- 9 -