LEACH JOHNSON SONG & GRUCHOW
KIRBY C. GRUCHOW, JR., ESQ.
Nevada Bar No. 6663
E-mail: kgruchow@leachjohnson.com
MICHAEL W. MCKELLEB, ESQ.
Nevada Bar No. 12040
E-mail: mmckelleb@leachjohnson.com
8945 West Russell Road, Suite 330
Las Vegas, Nevada 89148
Telephone:    (702) 538-9074
Facsimile:    (702) 538-9113

E-Filed on: November 24, 2014

Attorneys for Debtor Steven T. Gregory

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No:  BK-S-10-20779-LED |
|---|---|
| STEVEN TAYLOR GREGORY, | Chapter 7 |
| Debtor. | Date of Hearing:  JANUARY 6, 2015 |
| | Time of Hearing:  2:30 P.M. |

**DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE FOR THE LIMITED PURPOSE OF DECLARING JUDICIAL LIEN(S) VOID AND TO HOLD THE GILBERT FAMILY TRUST IN CONTEMPT**

Debtor STEVEN TAYLOR GREGORY ("**Debtor**"), by and through his undersigned counsel of the law firm LEACH JOHNSON SONG & GRUCHOW, hereby requests this Court to reopen Debtor's bankruptcy case for the limited purpose of setting aside certain judicial lien(s) recorded by the Gilbert Family Trust.

This Motion is based upon the papers and pleadings filed herein, including the Memorandum of Points and Authorities attached hereto, together with such other and further evidence and argument as may be presented and considered by this Court at any hearing on this Motion.

. . .

. . .

. . .

. . .

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### RELEVANT FACTS

1. On or about February 3, 2010, the Gilbert Family Trust recorded a certified copy of a Default Judgment obtained in the Eighth Judicial District Court Case – Clark County, Nevada – Case No. A-09-591803-C (the "**District Court Case**"), and recorded in Book No. 20100203, as Instrument No. 0003008 of the Official Records of the Clark County Recorder (the "**2/3/10 Judgment**"). See **Exhibit "A"** attached hereto.

2. On or about June 10, 2010, Debtor filed a Voluntary Petition, seeking relief under Chapter 7 of Title 11, United State Code (the "**Code**"). See [Docket No. 1].

3. On or about July 13, 2010, the Gilbert Family Trust also recorded a copy of an Order and Judgment obtained in the District Court Case and recorded in Book No. 20100713, as Instrument No. 0004475 of the Official Records of the Clark County Recorder (the "**7/13/10 Order**"). See **Exhibit "B"** attached hereto.

4. On or about September 15, 2010, Debtor received a Discharge under section 727 of the Code (the "**Discharge**").

### II.

### RELEVANT LAW

11 U.S.C. § 541(a), in pertinent part, states that the commencement of a case under Title 11 creates an estate comprised of all legal or equitable interests of the debtor in property as of the commencement of the case, including all "interests of the debtor and the debtor's spouse in community property as of the commencement of the case." See 11 U.S.C. § 541(a)(1), (2). Furthermore, pursuant to 11 U.S.C. § 362(a), filing a petition under Title 11, operates as a stay of any act, applicable to all entities from:

> (1) the commencement **or continuation**, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

  (2)  the enforcement, **against the debtor or against property of the estate**, of a judgment obtained before the commencement of the case under this title;

See 11 U.S.C. § 362(a)(1), (2) (emphasis added). Finally, pursuant to 11 U.S.C. § 524(a), a discharge under Title 11:

  A discharge in a case under this title

  (1)  voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

  (2)  operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . .

See 11 U.S.C. § 362(a)(1), (2). Accordingly, a judicial action taken prior to the filing of a voluntary petition may not be completed while a debtor is protected by the automatic stay. Furthermore, where community property is property of the estate, any continuation of an act, or any act taken to perfect a lien against such community property is done in violation of the automatic stay. Finally, a discharge under Title 11 voids any judgment as to the personal liability of the Debtor and acts as a permanent injunction against continuation or commencement of any act to collect the pre-petition debtor from the Debtor.

### III.

### ARGUMENT

**A.  The Court Should Set Aside the 2/3/10 Judgment.**

  Here, the Debtor executed a promissory note in favor of the Gilbert Family Trust ("**Gilbert**"). As outlined above, Gilbert obtained a judgment against Debtor, who then sought protection under Chapter 7 of the Code. Gilbert properly recorded the 2/3/10 Judgment before Debtor filed a voluntary petition. But, due to Debtor's Discharge, Section 524(a) enjoins continued or renewed efforts to collect the 2/3/10 Judgment. This is so because the only property remaining in the estate following Discharge is exempt property. As such, the 2/3/10 Judgment is useless. Yet, Debtor cannot force Gilbert to release the 2/3/10 Judgment.

Therefore, Debtor respectfully requests this Court reopen this matter for the limited purpose of setting aside the 2/3/10 Judgment.

**B.    The Court Should Declare the 7/13/10 Order Null and Void.**

11 U.S.C. 362(a)(1) provides that any effort to perfect a lien against a debtor or the bankruptcy estate is null and void.  11 U.S.C. 541(a) includes community property within the bankruptcy estate.  Therefore, an act to perfect a lien against community property which is property of the bankruptcy estate is null and void.

After Debtor filed a voluntary petition, Gilbert recorded the 7/13/10 Order, ostensibly against Debtor's former spouse.  Review of the 7/13/10 Order, however, reveals it was actually the impermissible continuation to collect this debt or perfect a lien in violation of the automatic stay.  The 7/13/10 Order states it is a judgment against Diane L. Gregory, through the indemnity agreement executed by Debtor.  See **Exhibit "B"** - 7/13/10 Order, 2:21-24.  The Order also states that it is against Diane L. Gregory through "a community obligation incurred during the marital community of Diane L. Gregory and Steven T. Gregory." Id.  Additionally, the Order declares it attaches to "that property held by Steven T. Gregory and Diane L. Gregory as husband and wife, tenants in common, located at 6787 Gold Nugget Drive, located in Las Vegas, Nevada, [as] a community asset and the proceeds from that property presently held by Nevada Title Company." See Id. at 2:26-28 – 3:1-2.  Finally, the Order finds, "that the community assets of Steven T. Gregory and Diane L. Gregory are liable upon The Gilbert Family Trust's judgment as entered herein." See Id. at 3:3-6.

When the 7/13/10 Order was signed, filed, and recorded (perfected), the Debtor and the bankruptcy estate were protected by the automatic stay.  Yet, based on its language, it is clear the 7/13/10 Order was entered and recorded in order to obtain and perfect a lien against both the Debtor and the Debtor's interest in community property, which is property of the bankruptcy estate.  Given the above, the 7/13/10 Order was obtained in violation of the automatic stay and is therefore, null and void.  As such, Debtor respectfully requests this Court declare the 7/13/10 Order null and void.

. . .

-4-

## IV.

## CONCLUSION

The 2/3/10 Judgment is ineffective against the Debtor, yet prohibits a fresh start. The 7/13/10 Order is null and void. However, in the alternative, the county recorder indexed the 7/13/10 Order such that it impairs the Debtor similarly as the 2/3/10 Judgment by preventing a fresh start. The Judgments can only be collected personally against Debtor or by attempting to attach to exempt property. Therefore, this Court should reopen the case and set aside or declare these Judgments null and void.

DATED this 24th day of November, 2014.

LEACH JOHNSON SONG & GRUCHOW

By:   /s/ MICHAEL W. MCKELLEB, ESQ.
KIRBY C. GRUCHOW, JR., ESQ.
Nevada Bar No. 6663
E-mail: kgruchow@leachjohnson.com
MICHAEL W. MCKELLEB, ESQ.
Nevada Bar No. 12040
E-mail: mmckelleb@leachjohnson.com
8945 West Russell Road, Suite 330
Las Vegas, Nevada 89148
Telephone: (702) 538-9074
Facsimile: (702) 538-9113
Counsel for Debtor Steven T. Gregory

# EXHIBIT "A"

# EXHIBIT "A"

APN# N/A

③

Inst #: 201002030003008
Fees: $16.00
N/C Fee: $0.00
02/03/2010 03:38:14 PM
Receipt #: 219532
Requestor:
LIONEL SAWYER ET AL
Recorded By: GILKS    Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

**Recording requested by:**

Todd M. Touton

**Return to:**

**Name** Lionel Sawyer & Collins

**Address** 300 South Fourth Street, #1700

**City/State/Zip** Las Vegas, Nevada 89101

**DEFAULT JUDGMENT**

(Title on Document)

This page added to provide additional information required by NRS 111.312 Sections 1-2
(Additional recording fee applies).

This cover page must by typed or printed clearly in black ink only.

Electronically Filed
02/02/2010 11:44:16 AM

*[signature]*

**CLERK OF THE COURT**

ORIGINAL

JDDF
Todd M. Touton, #1744
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Phone: (702) 383-8888; Fax: (702) 383-8845
ttouton@lionelsawyer.com

Attorneys for Plaintiff THE GILBERT FAMILY TRUST AS REINSTATED DECEMBER 10, 2002, DONALD F. GILBERT, JR., TRUSTEE

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| THE GILBERT FAMILY TRUST AS REINSTATED DECEMBER 10, 2002, DONALD F. GILBERT, JR., TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN T. GREGORY,<br><br>Defendant. | CASE NO.: A-09-591803-C<br>DEPT NO.: XVI<br><br>**DEFAULT JUDGMENT** |

This Court having considered the Application for Default Judgment of plaintiff The Gilbert Family Trust As Reinstated December 10, 2002, Donald F. Gilbert, Jr., Trustee against Steven T. Gregory and this Court having entered a Default on December 8, 2009, and good cause appearing therefore:

NOW THEREFORE, judgment is hereby entered in favor of plaintiff The Gilbert Family Trust As Reinstated December 10, 2002, Donald F. Gilbert, Jr., Trustee and against Steven T. Gregory in the principal amount of $1,630,000.00, unpaid interest in the amount of $1.65 together with pre-judgment interest in the amount of $422,894.44 as of February 2, 2010, accrued late fees

Page 1 of 2

LIONEL SAWYER & COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

$6,520.00, late charges in the amount of $61,125.00, Transaction Fee $11.00, Close Out Fee 100.00, Statement Fee $120.00, fees of Goldwater Capital Nevada, LLC in the amount of $9,400.00 and legal fees of Plaintiff in the amount of $1,500.00 for a total judgment of $2,131,673.08, plus costs of $707.80, plus interest hereafter on all amounts at the contract default rate of 20 percent (20%) per until paid in full.

DATED this 2nd day of February, 2010

_____
DISTRICT COURT JUDGE

Submitted by:

LIONEL SAWYER & COLLINS

By: _____
Todd M. Touton, #1744
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff THE GILBERT FAMILY TRUST AS REINSTATED DECEMBER 10, 2002, DONALD F. GILBERT, JR., TRUSTEE

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

Page 2 of 2

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE

_____
CLERK OF THE COURT

# EXHIBIT "B"

# EXHIBIT "B"

APN# N/A

Inst #: 201007130004475
Fees: $18.00
N/C Fee: $0.00
07/13/2010 03:47:44 PM
Receipt #: 424225
Requestor:
TODD M TOUTON
Recorded By: AEA    Pgs: 5
DEBBIE CONWAY
CLARK COUNTY RECORDER

**Recording requested by:**

Todd M. Touton

**Return to:**

**Name** Lionel Sawyer & Collins

**Address** 300 South Fourth Street, #1700

**City/State/Zip** Las Vegas, Nevada 89101

**ORDER AND JUDGMENT**

(Title on Document)

This page added to provide additional information required by NRS 111.312 Sections 1-2
(Additional recording fee applies).

This cover page must by typed or printed clearly in black ink only.

**RECORDERS MEMO**
POSSIBLE POOR RECORD DUE TO
QUALITY OF ORIGINAL DOCUMENT

**ORIGINAL**

Electronically Filed
07/08/2010 04:24:29 PM

**ORDR**
Todd M. Touton, #1744
LIONEL SAWYER & COLLINS
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 383-8888;
Facsimile: (702) 383-8845
ttouton@lionelsawyer.com

Attorneys for Plaintiff THE GILBERT FAMILY TRUST AS REINSTATED DECEMBER 10, 2002, DONALD F. GILBERT, JR., TRUSTEE

*CLERK OF THE COURT*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| THE GILBERT FAMILY TRUST AS REINSTATED DECEMBER 10, 2002, DONALD F. GILBERT, JR., TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN T. GREGORY,<br><br>Defendant. | CASE NO.: A-09-591803-C<br>DEPT NO.: XVI<br><br><br>**ORDER AND JUDGMENT** |
| THE GILBERT FAMILY TRUST AS REINSTATED DECEMBER 10, 2002, DONALD F. GILBERT, JR., TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>Diane E. Gregory,<br><br>Defendant. | |
| STAN IVAN COKER and MARLANE COKER, as trustees of G&D FAMILY TRUST, STAN IVAN COKER, MARLANE COKER, and AUGUSTUS COKER as trustees of the COKER EQUIPMENT, INC. DEFINED BENEFIT PENSION PLAN,<br><br>Plaintiffs in Intervention,<br><br>v. | |

LIONEL SAWYER & COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

07-07-10 13:09 RCVD

| | |
|---|---|
| STEVEN T. GREGORY and DIANE L. GREGORY; THE GILBERT FAMILY TRUST AS REINSTATED DECEMBER 10, 2002, DONALD F. GILBERT, JR., TRUSTEE, and DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants in Intervention. | |

WHEREAS, The Gilbert Family Trust As Reinstated December 10, 2002, Donald F. Gilbert, Trustee ("The Gilbert Family Trust") pursued its Ex Parte Motion With Notice For Summons And Order To Show Cause And Determination Why Diane L. Gregory Should Not Be Bound To That Certain Judgment By Default Entered in Favor Of The Gilbert Family Trust As Reinstated December 10, 2002, Donald F. Gilbert Trustee, by argument on March 18, 2010, and further argument after an evidentiary hearing of the matter calendared for May 14, 2010, the Court having heard arguments of counsel and after reviewing the Stipulated Exhibits and Affidavits submitted by the parties in support in their positions and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Judgment is hereby entered in favor of The Gilbert Family Trust As Reinstated December 10, 2002, Donald F. Gilbert, Trustee and against Diane L. Gregory in accordance with NRS 17.030, and following presentation of evidence by Diane L. Gregory, and good cause appearing therefore,

THE COURT HEREBY FINDS that the obligation represented by that certain Indemnity Guaranty Agreement effective August 9, 2006, executed by Steven T. Gregory represents a community obligation incurred during the marital community of Diane L. Gregory and Steven T. Gregory.

THE COURT FURTHER FINDS that property held by Steven T. Gregory and Diane L. Gregory as husband and wife, tenants in common, located at 6787 Gold Nugget Drive, located in Las Vegas, Nevada, was a community asset and the proceeds from that property presently held by

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

Page 2 of 4

Nevada Title Company pursuant to this Court's Order dated February 24, 2010, were likewise community assets.

THE COURT FURTHER FINDS that the community assets of Steven T. Gregory and Diane L. Gregory are liable upon The Gilbert Family Trust's judgment as entered herein against Steven L. Gregory February 2, 2010, and as further entered herein against Diane L. Gregory.

THE COURT FURTHER FINDS that Diane L. Gregory has failed to rebut the presumption recognized in this Court's Order February 2, 2010, of the community nature of the above-referenced community obligation and community asset. Further, Diane L. Gregory made no showing that she held any separate property at the time the community obligation to the Gilbert Family Trust arose.

JUDGMENT IS HEREBY ENTERED in favor The Gilbert Family Trust As Reinstated December 10, 2002, Donald F. Gilbert, Trustee and against Diane L. Gregory in the principal amount of $1,630,000.00, unpaid interest in the amount of $1.65 together with pre-judgment interest in the amount of $881,973.89 as of July 1, 2010, accrued late fees in the amount of $6,520.00, late charges in the amount of $61,125.00, Transaction Fee $11.00, Close Out Fee - $100.00, Statement Fee - $120.00, fees of Goldwater Capital Nevada, LLC in the amount of $9,400.00 and legal fees of Plaintiff in the amount of $1,500.00 for a total judgment of $2,590,751.54 plus interest hereafter on all amounts at the contract default rate of 20 percent (20%) per annum until paid in full.

. . . .

. . . .

. . . .

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

Page 3 of 4

This Judgment obligation is a joint responsibility with that entered against Steven L. Gregory herein on February 2, 2010.

Dated this 0 day of ~~June~~ July, 2010.

_____
DISTRICT COURT JUDGE

also
CASE NO. A591003

Submitted by:

LIONEL SAWYER & COLLINS

By: _____
Todd M. Touton, #1744
1700 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Attorneys for Plaintiff THE GILBERT FAMILY TRUST AS REINSTATED DECEMBER 10, 2002, DONALD F. GILBERT, JR., TRUSTEE

CERTIFIED COPY
DOCUMENT ATTACHED IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE

_____
CLERK OF THE COURT

JUL - 9 2010

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

Page 4 of 4